IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOTIVATION INNOVATIONS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 11-615 (SLR) |
| | ) |
| EXPRESS, INC., ULTA SALON, COSMETICS & FRAGRANCE, INC., PETSMART, INC. and VICTORIA'S SECRET STORES LLC d/b/a VICTORIA'S SECRET, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF
THEIR MOTION TO DISMISS THE COMPLAINT**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
Paul Saindon (#5110)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com
psaindon@mnat.com
  *Attorneys for Ulta Salon, Cosmetics &
  Fragrance, Inc.*

FOX ROTHSCHILD LLP
Sheldon K. Rennie (#3772)
Citizen Bank Center
919 North Market Street, Suite 1300
Wilmington, Delaware 19801
(302) 622-4202
srennie@foxrothschild.com

OF COUNSEL:
John F. Ward
Michael J. Zinna
Patrick R. Colsher
Matthew C. Berntsen
WARD & ZINNA, LLC
380 Madison Avenue
New York, New York 10017
(212) 697-6262
*Attorneys for Defendants Express, Inc. and
Victoria's Secret Stores, LLC*

CONNOLLY, BOVE, LODGE & HUTZ
Arthur G. Connolly, III (#2667)
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141
aconnollyiii@cblh.com

OF COUNSEL:
Ramsey M. Al-Salam
Kevin A. Zeck
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
(206) 359-8000
  *Attorneys for Petsmart, Inc.*

September 1, 2011

## **TABLE OF CONTENTS**

I. NATURE AND STAGE OF THE PROCEEDINGS ........................................................1

II. SUMMARY OF THE ARGUMENT ................................................................................1

III. STATEMENT OF FACTS ................................................................................................1

IV. ARGUMENT .....................................................................................................................3

    A. The Legal Standard ................................................................................................3

    B. The Complaint Should Be Dismissed For Failure to Identify Any Infringing Product or Method .................................................................................5

V. CONCLUSION ..................................................................................................................6

i

## **TABLE OF AUTHORITIES**

**CASES**

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009) ................................................................................................... 1, 3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ....................................................................................................... 1, 3

*Eidos Communications, LLC. v. Skype Tech. SA*,
    686 F. Supp. 2d 465 (D. Del. 2010) ............................................................................... 4, 5

*Fifth Market Inc. v. CME Group, Inc.* .................................................................................... 4
    C.A. No. 08-520-GMS (D. Del. May 14, 2009)

*McZeal v. Sprint Nextel Corp.*,
    501 F.3d 1354 (Fed. Cir. 2007) .......................................................................................... 4

*Ondeo Nalco Co. v. EKA Chems., Inc.*,
    2002 WL 1458853 (D. Del. June 10, 2002) ...................................................................... 5

*Phillips v. County of Allegheny*,
    515 F.3d 224 (3d Cir. 2008) ............................................................................................... 3

**STATUTES AND RULES**

35 U.S.C. § 271(a) ..................................................................................................................... 1, 2

Fed. R. Civ. P. 8 ......................................................................................................................... 1, 3

Fed. R. Civ. P. 12(b)(6) ......................................................................................................... 1, 4, 6

## I.     NATURE AND STAGE OF THE PROCEEDINGS

On July 12, 2011, Motivation Innovations, LLC ("Plaintiff") brought this action against four unaffiliated companies, Express, Inc. ("Express"), Ulta Salon, Cosmetics & Fragrance, Inc. ("Ulta"), Petsmart, Inc. ("Petsmart") and Victoria's Secret Stores LLC ("Victoria's Secret") (collectively "Defendants"), for the alleged infringement of U.S. Patent No. 5,612,527 ("the '527 patent"). Defendants have moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. This is Defendants' opening brief in support of that motion.

## II.    SUMMARY OF THE ARGUMENT

Plaintiff's Complaint fails to satisfy the pleading standards of Fed. R. Civ. P. 8(a), as articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). The Complaint's recitation for each Defendant of, "among other activities," unspecified "home delivered coupon and discount programs and systems including, but not limited to discount offers made through its [trade name] Rewards Program" does not set forth any category of product or method, but vaguely alleges that "coupon and discount programs and systems" are infringing. Such allegations do not satisfy Plaintiff's "obligation to provide the 'grounds' of [its] 'entitle[ment] to relief.'" The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *Twombly*, 550 U.S. at 555.

## III.   STATEMENT OF FACTS

Only four paragraphs of the Complaint, 11-14, address the four Defendants' alleged infringement of the '527 patent. The boilerplate paragraphs are substantially the same for all defendants, and read:

> 11. Express has infringed and continues to infringe *at least Claim 1* of the '527 Patent under 35 U.S.C. § 271(a) through, ***among other activities***, *the manufacture, operation, and use* of its home

1

delivered *coupon programs and systems*, *including but not limited to* discount offers made through its Express Rewards Program and redeemed at Express stores throughout the United States including this judicial district.

12. Ulta has infringed and continues to infringe *at least Claim 1* of the '527 Patent under 35 U.S.C. § 271(a) through, *among other activities*, *the manufacture, operation and use* of its home delivered *coupon and discount programs and systems*, *including but not limited to* discount offers made through its ULTAmate Rewards Program and redeemed at ULTA stores throughout the United States including this judicial district.

13. Petsmart has infringed and continues to infringe *at least Claim 1* of the '527 Patent under 35 U.S.C. § 271(a) through, *among other activities*, *the manufacture, operation and use* of its home delivered *coupon and discount programs and systems*, *including but not limited to* discount offers made through its Pet Perks Rewards Program and redeemed at Petsmart stores throughout the United States including this judicial district.

14. Victoria's Secret has infringed and continues to infringe *at least Claim 1* of the '527 Patent under 35 U.S.C. § 271(a) through, *among other activities*, *the manufacture, operation and use* of its home delivered *coupon and discount programs and systems*, *including but not limited to* discount offers made through its Express Rewards Program and redeemed at Victoria's Secret stores throughout the United States including this judicial district.

(D.I. 1 ¶¶ 11-14 (emphases added)).[1] There is no further explanation of the "home delivered coupon and discount programs and systems" that are at issue and thus no way for Defendants to frame the issues or respond to the allegations. Although the Complaint does identify the "[Express, ULTAmate, and Pet Perks] Rewards Program[s]" ("among other activities"), those programs are trade names that each encompass many different types of customer loyalty rewards offered by the Defendants, which have varied over the years. Indeed, the Complaint's allegations are virtually identical with respect to the "home delivered coupon and discount programs and systems" for each of the four unaffiliated Defendants, simply replacing the name

---

[1] Victoria's Secret does not have an "Express Rewards Program." It does, however, offer home delivered coupons.

2

of each Defendant retailer's rewards program while leaving the remainder of the allegations unchanged.

## IV. ARGUMENT

### A. The Legal Standard

In *Twombly*, the Supreme Court held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Rule 8 "requires a 'showing,' rather than a blanket assertion of entitlement to relief." *Id.* at 556 n.3. The "[f]actual allegations [of a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." *Id.* at 556 (citations omitted). Such a showing "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," as courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft*, 129 S. Ct. at 1949-50 (quoting *Twombly*, 550 U.S. at 555). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A complaint that demonstrates merely the possibility that a defendant has acted unlawfully "has alleged – but has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (holding that "without some factual allegation in the complaint, a claimant cannot satisfy the requirements that

he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." (internal citations omitted)).[2]

At a minimum, a complaint must set forth "a general class of products or a general identification of the alleged infringing methods." *Eidos Communications, LLC. v. Skype Tech. SA*, 686 F. Supp. 2d 465, 467 (D. Del. 2010). For example, in *Eidos*, the Court rejected as insufficient the complaint's allegation that "the technology at issue **generally** involves a communication system that employs products **and/or** methodologies to allow for the transmission **and/or** control of digitized voice data, as well as to allow for the transmission **and/or** control of message data, in communications applications **such as, and by way of example only**, messaging and telephony." *Id.* at 468 (emphases in original). Noting the "vague" nature of this description, the Court dismissed the complaint, holding that the "complaint at bar does not specify a product or method at all," as it only gives "examples of large technology areas, not genres of products." *Id.*

The same result has been reached in several other cases. For example, in *Fifth Market Inc. v. CME Group, Inc.*, Chief Judge Sleet granted a motion to dismiss a patent infringement complaint for failure to allege an infringing product. C.A. No. 08-520-GMS, D.I. 24 (D. Del. May 14, 2009). He noted that none of the claims in the complaint "contain any reference to a single infringing product or method. . . . Therefore, [the] complaint fails to provide the . . . defendants with fair notice of the claims and grounds for entitlement to relief, and the court will grant the . . . motion to dismiss." *Id.* at 2. Similarly, where a counterclaim identified allegedly infringing products as "'products, . . . that are used in paper-making processes . . .' or

---

[2] A motion to dismiss under Rule 12(b)(6) is "a purely procedural question not pertaining to patent law" and thus the law of the regional circuit applies. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007).

'to make paper'" this Court held that such allegations were "too vague to provide . . . notice of which products are accused of infringing defendant's patents." *Ondeo Nalco Co. v. EKA Chems., Inc.*, 2002 WL 1458853, at *1 (D. Del. June 10, 2002).

### B. The Complaint Should Be Dismissed For Failure to Identify Any Infringing Product or Method

The Complaint fails to identify in any way what "programs and systems" the Plaintiff alleges to infringe the '527 patent. Similar to *Eidos*, the Complaint's recitation of "home delivered coupon and discount programs and systems including, but not limited to discount offers made through [each Defendants'] Rewards Program and redeemed at [Defendants'] stores" does not even describe a general category of products or methods. The term "programs and systems" is simply too vague to define anything. The addition of the term "including, but not limited to discount offers" does nothing to define those "programs and systems." And "Express Rewards," "ULTAmate Rewards," and "Pet Perks Rewards" are trade names that identify the Defendants, but not specific products or methods.[3] Indeed, each of the trade names has been and is used with a diverse assortment of discount offers, which have varied throughout the years. Even then, the Complaint does not commit to "discount offers," but rather uses the conditional language "programs and systems **including, but not limited to** discount offers." By "utilizing conditional language throughout [its] complaint," Plaintiff, as in *Eidos*, has not sufficiently "guided the course of discovery in this action." *Eidos*, 686 F. Supp. 2d at 469.

---

[3] Again, Victoria's Secret does not offer an "Express Rewards Program" as identified in the Complaint. (D.I. ¶ 14).

The Complaint's identification of "at least Claim 1" further demonstrates its insufficiency. Although claim 1 is written to a "method for *redeeming* discount offers,"[4] the Complaint's allegations do not provide even a vague description of a system or method for redeeming discount offers at any of Defendants' stores.[5] Plaintiff's complaint identifies only "examples of large technology areas" and not even "genres" of products or methods. The Complaint is inadequate and should be dismissed.

### V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the Complaint pursuant to Rule 12(b)(6).

---

[4] Claim 1 reads in full:

> A method for redeeming discount offers comprising:
>
> providing a circulation medium and providing said medium with indicia which includes a machine readable identification code;
>
> causing said medium to be distributed to potential users;
>
> associating said identification code with data identifying items which are to be offered at a discount provided as part of said medium and storing said data in memory in a data base so as to be addressable by said identification code;
>
> providing means for reading said identification code provided with said circulation medium;
>
> providing means associated with said code reading means for tabulating sales of items so that any discount corresponding to an item listed in said data is deducted from the price of the item in the tabulation; and
>
> using said reading means to identify said code provided with said medium and using said means for tabulating items to obtain a price for the involved item and to cause a discount to be debited against the purchased item if the involved item is listed as part of said data identifying an item as qualifying for a discount as called for by the data base data defined by the identification code of the medium.

[5] The other independent claims are directed to a "system for redeeming discount offers" and a "method of tracking customer purchasing habits."

6

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | CONNOLLY, BOVE, LODGE & HUTZ |
| /s/ *Jack B. Blumenfeld* | /s/ *Arthur G. Connolly, III* |
| Jack B. Blumenfeld (#1014)<br>Julia Heaney (#3052)<br>Paul Saindon (#5110)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>jheaney@mnat.com<br>psaindon@mnat.com<br>   *Attorneys for Ulta Salon, Cosmetics & Fragrance, Inc.* | Arthur G. Connolly, III (#2667)<br>The Nemours Building<br>1007 North Orange Street<br>P.O. Box 2207<br>Wilmington, DE 19899<br>(302) 658-9141<br>aconnollyiii@cblh.com<br><br>OF COUNSEL:<br><br>Ramsey M. Al-Salam<br>Kevin A. Zeck<br>PERKINS COIE LLP<br>1201 Third Avenue, Suite 4800<br>Seattle, WA  98101-3099<br>(206) 359-8000<br>   *Attorneys for Petsmart, Inc.* |
| FOX ROTHSCHILD LLP | |
| /s/ *Sheldon K. Rennie* | |
| Sheldon K. Rennie (#3772)<br>Citizen Bank Center<br>919 North Market Street, Suite 1300<br>Wilmington, Delaware 19801<br>(302) 622-4202<br>srennie@foxrothschild.com<br><br>OF COUNSEL:<br><br>John F. Ward<br>Michael J. Zinna<br>Patrick R. Colsher<br>Matthew C. Berntsen<br>WARD & ZINNA, LLC<br>380 Madison Avenue<br>New York, New York 10017<br>(212) 697-6262<br>*Attorneys for Defendants Express, Inc. and Victoria's Secret Stores, LLC* | |

September 1, 2011

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

> Steven J. Balick, Esquire
> Tiffany Geyer Lydon, Esquire
> Andrew C. Mayo, Esquire
> ASHBY & GEDDES

I further certify that I caused copies of the foregoing document to be served on September 1, 2011, upon the following in the manner indicated:

Steven J. Balick, Esquire                                     *VIA ELECTRONIC MAIL*
Tiffany Geyer Lydon, Esquire
Andrew C. Mayo, Esquire
ASHBY & GEDDES
500 Delaware Avenue
8th Floor
Wilmington, DE  19801
*Attorneys for Plaintiff*

Gregory P. Casimer, Esquire                              *VIA ELECTRONIC MAIL*
Anna B. Folgers, Esquire
Daniel R. Ferri, Esquire
NIRO, HALER & NIRO
181 West Madison Street
Suite 4600
Chicago, IL  60602
*Attorneys for Plaintiff*

/s/ *Jack B. Blumenfeld*
Jack B. Blumenfeld (#1014)