## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MOTIVATION INNOVATIONS, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. No. 11-615-SLR-MPT |
| | : | |
| EXPRESS, INC., ULTA SALON, | : | |
| COSMETICS & FRAGRANCE, INC., | : | |
| PETSMART, INC., and VICTORIA'S | : | |
| SECRET STORES, LLC d/b/a | : | |
| VICTORIA'S SECRET, | : | |
| | : | |
| Defendants. | : | |

## **REPORT AND RECOMMENDATION**

### I. INTRODUCTION

    **A.**    **Procedural Background**

On July 12, 2011, Motivation Innovations, LLC ("plaintiff") brought this action against four unaffiliated companies, Express, Inc. ("Express"), Ulta Salon, Cosmetics & Fragrance, Inc. ("Ulta"), PetSmart, Inc. ("PetSmart"), and Victoria's Secret Stores, LLC ("Victoria's Secret") (collectively "defendants"), alleging infringement of U.S. Patent No. 5,612,527 (the "'527 patent").[1]  Presently before the court is defendants' motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted,[2] and plaintiff's request to file an amended complaint pursuant to FED. R.

---

[1] D.I. 1.
[2] D.I. 16.  The briefs and supporting documents are found at D.I. 17 (defendants' opening brief), D.I. 23 (plaintiff's response in opposition), and D.I. 24 (defendants' reply brief).

CIV. P. 15(a) should the court find plaintiff's complaint deficient.[3]

  B.  **Legal Standard**

  1.  **FED. R. CIV. P. 12(b)(6)**

In analyzing a motion to dismiss under FED. R. CIV. P. 12(b)(6), a review of FED. R. CIV. P. 8(a)(2) is necessary. It requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." That standard "does not require 'detailed factual allegations,' but . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[4] Thus, to survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[5] The purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case.[6] Evaluating a motion to dismiss requires the court to accept as true all material allegations of the complaint.[7] "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."[8] A motion to dismiss may be granted only if, after, "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief."[9]

---

[3] D.I. 23 at 3.
[4] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[5] *Id.* (citing *Twombly*, 550 U.S. at 570). See FED. R. CIV. P. 12(b)(6).
[6] *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).
[7] *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004).
[8] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks and citation omitted).
[9] *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks and citations omitted).

To survive a motion to dismiss under Rule 12(b)(6), however, the factual allegations must be sufficient to "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[10] A plaintiff is obliged "to provide the 'grounds' of his 'entitle[ment] to relief'" beyond "labels and conclusions."[11] Heightened fact pleading is not required: rather "enough facts to state a claim to relief that is plausible on its face" must be alleged.[12] The plausibility standard does not rise to a "probability requirement," but requires "more than a sheer possibility that a defendant has acted unlawfully."[13] Rejected are unsupported allegations, "bald assertions," or "legal conclusions."[14] Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."[15] Moreover, "only a complaint that states a plausible claim for relief survives a motion to dismiss," which is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[16] Thus, well-pled facts which only infer the "mere possibility of misconduct," do not show that "'the

---

[10] *Twombly*, 550 U.S. at 555. See also *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007).
[11] *Twombly*, 550 U.S. at 555.
[12] *Id.* at 570.
[13] *Iqbal*, 129 S. Ct. at 1949.
[14] *Id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). See also *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citations omitted); *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light* Co., 113 F.3d 405, 417 (3d Cir. 1997) ("unsupported conclusions and unwarranted inferences" are insufficient); *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996) (allegations that are "self-evidently false" are not accepted).
[15] *Iqbal*, 129 S. Ct. at 1949. See also *Twombly*, 550 U.S. at 555 (a court is "not bound to accept as true a legal conclusion couched as a factual allegation").
[16] *Iqbal*, 129 S. Ct. at 1950.

pleader is entitled to relief,'" under Rule 8(a)(2).[17] "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief."[18]

### 2. FED. R. CIV. P. 15(a)

The court ordinarily considers motions to amend the pleadings under FED. R. CIV. P. 15(a) which provides that "leave shall be freely given when justice so requires." Although the determination of whether to grant or deny a motion to amend is within the discretion of the court, under *Foman v. Davis*,[19] the Supreme Court has instructed that leave to amend should be freely granted "in the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc."[20]

Generally, "[d]elay alone is not sufficient to justify denial of leave to amend."[21] The more dispositive factor in determining whether leave should be granted is prejudice to the non-moving party.[22] In proving prejudice, the non-moving party "must do more than merely claim prejudice; it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the

---

[17] *Id.*
[18] *Id.*
[19] 371 U.S. 178 (1962).
[20] *Foman*, 371 U.S. at 182. *See also Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006).
[21] *Arthur*, 434 F.3d at 204 (wherein the Third Circuit noted that "only one appellate court . . . has approved . . . denial of leave to amend based on a delay of less than one year").
[22] *Id.*

amendments been timely."[23] Moreover, in assessing futility of a proposed amendment, the same standard of legal sufficiency as under Rule 12(b)(6) is applied.[24] An amendment is futile when it fails to state a claim upon which relief may be granted.[25] The analysis is the same as under Rule 12(b)(6) in that all factual allegations and all reasonable inferences therefrom are accepted as true. As noted previously, under Rule 12(b)(6), the court does not and cannot weigh the facts, nor determine whether a party will ultimately prevail;[26] thus, "[o]nly where it is clear to the court . . . that a claim has no possibility of succeeding on the merits, will the court disallow it by denying leave to amend."[27]

### C. Positions of the Parties

Defendants contend the following "boilerplate paragraphs" in plaintiff's complaint do not satisfy the pleading standards of Rule 8(a):

> 11. Express has infringed and continues to infringe at least Claim 1 of the '527 Patent under 35 U.S.C. § 271(a) through, among other activities, the manufacture, operation, and use of its home delivered coupon programs and systems, including but not limited to discount offers made through its Express Rewards Program and redeemed at Express stores throughout the United States including this judicial district.
>
> 12. Ulta has infringed and continues to infringe at least Claim 1 of the '527 Patent under 35 U.S.C. § 271(a) through, among other activities, the

---

[23] *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (citing *Heyl & Patterson Intern., Inc. v. F.D. Rich Hous. of Virgin Islands*, 663 F.2d 419, 426 (3d Cir. 1981); *Kiser v. Gen. Elec. Co.*, 831 F.2d 423, 427-28 (3d Cir. 1987).
[24] *See Shane v. Fauver,* 213 F.3d 113, 115 (3d Cir. 2000); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).
[25] *See In re Merck & Co., Inc.*, 493 F.3d 393, 400 (3d Cir. 2007).
[26] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982).
[27] *Agere Sys. Guardian Corp. v. Proxim, Inc.*, 190 F. Supp. 2d 726, 736 (D. Del. 2002).

manufacture, operation and use of its home delivered coupon and discount programs and systems, including but not limited to discount offers made through its ULTAmate Rewards Program and redeemed at ULTA stores throughout the United States including this judicial district.

13. Petsmart has infringed and continues to infringe at least Claim 1 of the '527 Patent under 35 U.S.C. § 271(a) through, among other activities, the manufacture, operation and use of its home delivered coupon and discount programs and systems, including but not limited to discount offers made through its Pet Perks Rewards Program and redeemed at Petsmart stores throughout the United States including this judicial district.

14. Victoria's Secret has infringed and continues to infringe at least Claim 1 of the '527 Patent under 35 U.S.C. § 271(a) through, among other activities, the manufacture, operation and use of its home delivered coupon and discount programs and systems, including but not limited to discount offers made through its Express Rewards Program and redeemed at Victoria's Secret stores throughout the United States including this judicial district.[28]

Defendants argue the complaint fails to set forth a general class of products or a general identification of the alleged infringing methods.[29] Specifically, they reason the term "programs and systems" is too vague.[30] Further, defendants claim the trade names[31] for the rewards programs and systems do nothing to define the aforementioned "programs and systems."[32] Plaintiff counters it properly specified infringing programs and systems based on the "home delivered" language and referenced trade names.[33] Defendants reply the trade names referenced "are used with a diverse assortment of

---

[28] D.I. 1 at 3, ¶¶ 11-14.
[29] D.I. 17 at 7.
[30] *Id.* at 8.
[31] *Id.* at 4-5. Defendants associate the term "among other activities" with the various rewards programs. Still, as discussed below, plaintiff's complaint provides the defendants with fair notice of the claims and grounds for entitlement to relief.
[32] *Id.* at 8.
[33] D.I. 23 at 2-3.

discount offers that have varied over time."[34]

Defendants also maintain the term "including, but not limited to" is conditional language which does not sufficiently guide discovery.[35] Plaintiff argues such "conditional language is not per se defective."[36] Defendants further note the identification of "at least Claim 1" is vague because it fails to describe a program or system to "redeem" discount offers in any of defendants' stores.[37] If defendants' motion is granted, plaintiff seeks leave to file an amended complaint pursuant to FED. R. CIV. P. 15(a).[38]

## II. ANALYSIS

FED. R. CIV. P. Form 18 sets forth a sample complaint for patent infringement, which meets the *Twombly* pleading standard.[39] A proper complaint for patent infringement includes: "(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages."[40] Form 18 simply uses, for example, a statement that defendant infringes the patent by "making, selling, and using **electric motors** that embody the patented invention." Essentially, the present dispute is whether the

---

[34] D.I. 24 at 2.
[35] D.I. 17 at 8.
[36] D.I. 23 at 3.
[37] D.I. 17 at 9.
[38] D.I. 23 at 3.
[39] *Eidos Commc'ns, LLC v. Skype Techs. SA*, 686 F. Supp. 2d 465, 467 (D. Del. 2010) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356-57 (Fed. Cir. 2007)).
[40] *Id.*

complaint provides a general product or system category analogous to "electric motors."

### A. Trade Names[41]

Plaintiff specifically notes the allegedly infringing "coupon and discount programs and systems" are "home delivered." Further, plaintiff refers to the trade name for each defendant's rewards program. As defendants concede, the complaint generally recites: "home delivered coupon and discount programs and systems, including, but not limited to, discount programs and systems made through [each defendant's] Rewards Program and redeemed at [defendants'] stores."[42]

Trade names can assist in specifying a general class of allegedly infringing products or methods, but are not required.[43] More specifically, in the complaint, a plaintiff can help specify a general class of allegedly infringing products or methods by clearly referencing a named product or method when claiming infringement of a particular patent.[44] When a plaintiff provides additional detail by naming specific product models, such identification is sufficient and helps guide discovery.[45]

---

[41] Although defendants claim the rewards program trade names encompass various customer loyalty rewards offered by them, which have varied over time, as discussed below, a reading of the complaint, taken as a whole, provides defendants with fair notice of the claims and grounds for plaintiff's entitlement to relief.

[42] D.I. 1 at 3, ¶¶ 11-14; D.I. 17 at 8.

[43] See Mark IV Indus. Corp. v. Transcore, L.P., C.A. No. 09-418 GMS, 2009 WL 4828661 (D. Del. Dec. 2, 2009) (denying motion to dismiss complaint directed to "Encompass® 4, 5, or 6 Readers, Encompass® IAG PnP Reader System, eZGo Anywhere™ Standard On-Board Units and all other similar products"); and S.O.I.TEC Silicon On Insulator Techs., S.A. v. MEMC Elec. Materials, Inc., C.A. No. 08-292 SLR, 2009 WL 423989 (D. Del. Feb. 20., 2009) (denying motion to dismiss complaint directed to "silicon on insulator ('SOI') wafers and other engineered semiconductor substrates").

[44] Eidos, 686 F. Supp. 2d at 468 (citing Fifth Mkt., Inc. v. CME Grp., Inc., C.A. No. 08-520 GMS, 2009 WL 5966836, at *1 (D. Del. May 14, 2009)).

[45] Xpoint Techs., Inc. v. Microsoft Corp., 730 F. Supp. 2d 349, 355 (D. Del. 2010).

Plaintiff notes the allegedly infringing "home delivered coupon and discount programs and systems," and provides for example, the "Express Rewards Program," the "ULTAmate Rewards Program," and the "Pet Perks Rewards Program." As such, clearly referencing the trade names of defendants' allegedly infringing coupon and discount programs and systems, in the complaint, helps to specify the "home delivered coupon and discount programs and systems" which allegedly infringe the '527 patent.[46]

### B.    Conditional Language

Conditional language is not per se defective.[47] Conditional language, such as the repeated use of "and/or" when describing defendant's products or methods, is inappropriate when it "does not indicate whether a product or method (or both) are at issue."[48] Defendants reference *Eidos* to justify that conditional language is insufficient. In *Eidos*,[49] however, the complaint stated:

> the technology at issue *generally* involves a communication system that employs products *and/or* methodologies to allow for the transmission *and/or* control of digitized voice data, as well as to allow for the transmission *and/or* control of message data, in communications

---

[46] D.I. 1.  Trade names aside, the complaint, taken as a whole, supports that plaintiff satisfied the requirements of Form 18.  Defendants attempt to divorce the claims of patent infringement from the rest of the complaint, and read them in isolation.  Nevertheless, paragraph 3 of the complaint states "[t]he claims of the '527 patent are directed to systems and methods for redeeming discount offers and tracking the purchasing habits of individuals who redeem these discount offers."  This description adequately specifies how the "home delivered coupon and discount programs and systems" allegedly infringe the '527 patent.  As such, the complaint provides the defendants with fair notice of the bases for plaintiff's claims.

[47] *Compare Eidos*, 686 F. Supp. 2d at 468 (granting motion to dismiss complaint using language including "generally," "and/or," and "such as, and by way of example only"); and *Xpoint*, 730 F. Supp. 2d at 353-56 (denying motion to dismiss complaint using language such as "including without limitation").

[48] *Eidos*, 686 F. Supp. 2d at 468.

[49] *Id.*

applications *such as, and by way of example only*, messaging and telephony.

Here, plaintiff uses the term "home delivered coupon and discount programs **and** systems, *including but not limited to* discount offers."[50] This court has found similar language acceptable when a plaintiff identifies a general category of products or methods, followed by a more specific description of those products or methods.[51] In the instant matter, plaintiff identifies that "coupon and discount programs and systems" are at issue, with the "including but not limited to" language, and thereafter specifically describes the discount programs and systems through trade names. As such, plaintiff's complaint meets the requirements of Rule 12(b)(6).

### C. Reference to Claim 1 of the '527 Patent

Claim 1 of the '527 patent reads:

A method for redeeming discount offers comprising:

> providing a circulation medium and providing said medium with indicia which includes a machine readable identification code;
>
> causing said medium to be distributed to potential users;
>
> associating said identification code with data identifying items which are to be offered at a discount provided as part of said medium and storing said data in memory in a data base so as to be addressable by said identification code;
>
> providing means for reading said identification code provided with said circulation medium;
>
> providing means associated with said code reading means for tabulating sales of items so that any discount corresponding to an item listed in said data is deducted from the price of the item in the

---

[50] Emphasis added.
[51] *Xpoint*, 730 F. Supp. 2d at 353-56.

>tabulation; and
>
>using said reading means to identify said code provided with said medium and using said means for tabulating items to obtain a price for the involved item and to cause a discount to be debited against the purchased item if the involved item is listed as part of said data identifying an item as qualifying for a discount as called for by the data base data defined by the identification code of the medium.[52]

Defendants maintain claim 1 is written to a "method for *redeeming* discount offers,"[53] and the complaint does "not provide even a vague description of a system or method for redeeming discount offers at any of Defendants' stores."[54] The complaint, however, notes "[t]he claims of the '527 Patent are directed to systems and methods for redeeming discount offers and tracking the purchasing habits of individuals who redeem these discount offers,"[55] as well as defendants' "home delivered coupon and discount programs and systems, including, but not limited to discount programs and systems made through [each defendant's] Rewards Program and redeemed at [defendants'] stores," infringe the '527 patent. Plaintiff is not required to plead specific claims of the patent allegedly infringed or describe in detail how the allegedly infringing products work.[56]

### D. Victoria's Secret's Rewards Program

Although Victoria's Secret asserts it does not have an "Express Rewards Program," but offers home delivered coupons,[57] it does not deny it has a rewards

---

[52] D.I. 1, Ex. A at 13.
[53] Emphasis added.
[54] D.I. 17 at 9.
[55] D.I. 1 at 1-2, ¶ 3.
[56] *Mark IV*, 2009 WL 4828661, at *3-4.
[57] D.I. 17 at 2 n.2.

program.

In the absence of any evidence of undue delay, bad faith, or dilatory motive by plaintiff, or futility of an possible amendment, under Rule 15(a), plaintiff shall amend its complaint to correctly identify the rewards program offered by Victoria's Secret. This may be done by providing the correct name or by providing a description of the rewards program of Victoria's Secret.

## III. ORDER AND RECOMMENDED DISPOSITION

For the reasons contained herein, this Court recommends that:

(1) Defendants' motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted (D.I. 16) is DENIED.

(2) Plaintiff's request to file an amended complaint pursuant to FED. R. CIV. P. 15(a) (D.I. 23 at 3) is GRANTED, and shall amend its complaint within thirty (30) days of the date of this decision.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen days after being served with a copy of this Report and Recommendation.[58] The objections and response to the objections are limited to ten pages each.

The parties are directed to the Court's standing Order in Non Pro Se matters for Objections Filed under FED. R. CIV. P. 72, dated November 16, 2009, a copy of which is available on the Court's website, www.ded.uscourts.gov.

---

[58] FED. R. CIV. P. 72(b)(2).

Date: April 24, 2012                               /s/ Mary Pat Thynge
                                                 UNITED STATES MAGISTRATE JUDGE