IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOTIVATION INNOVATIONS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 11-615 (SLR) |
| | ) |
| EXPRESS, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

### ULTA'S MOTION TO STRIKE
### PLAINTIFF'S LATE CLAIM CONSTRUCTION POSITIONS

Defendant Ulta Salon, Cosmetics & Fragrance, Inc. ("Ulta") moves to strike claim construction positions that Plaintiff Motivation Innovations, LLC ("MI") did not disclose until the day before the filing of the Joint Claim Construction Chart, more than four months after the Scheduling Order deadline for identification of claim terms that need construction and the proposed construction of those terms (D.I. 50 ¶ 5). MI's unjustified presentation of new claim construction positions after the close of all fact and expert discovery, and on the eve of claim construction briefing violates the Scheduling Order, prejudices Ulta, and should be stricken.

**I.    STATEMENT OF FACTS**

Under paragraph 5 of the Court's Scheduling Order, the parties were required to "exchange lists of those claim terms that they believe need construction and their proposed construction of those terms" on July 31, 2013 (D.I. 50, as amended by D.I. 94). That day, MI served its list of proposed constructions for five claim terms, all of which were alleged to be means-plus-function terms. MI also stated that "it contends that all other terms take on their plain and ordinary meaning." (Ex. 1). Ulta also provided its proposed constructions for 23 terms (Ex. 2). Following that exchange, the parties completed fact discovery, and then proceeded to

expert discovery as provided by the Scheduling Order.  MI's expert, David Wasilew, submitted an infringement report that failed to disclose a construction for *any* claim term, or even to consider or apply the claim construction provided by Ulta.[1]  Ulta's expert, Michael Shamos, conducted an in depth analysis of both parties' proposed constructions for disputed claim terms. (Ex. 3).  Following depositions of both side's experts, the parties completed expert discovery on November 22, 2013.

Pursuant to paragraph 6 of the Scheduling Order, the parties were required to file their Joint Claim Construction Chart by December 3, 2013, including "each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions."  Prior to the filing deadline, Ulta provided a claim chart with its proposals for 23 claim terms that needed construction, consistent with what it had provided pursuant to the Court's scheduling order and that Dr. Shamos had considered in his expert report.  On the eve of the filing deadline, in violation of the scheduling order, MI provided entirely new constructions that it had never disclosed before for *19* claim terms. (Ex. 4)[2]  MI provided no explanation why it had not previously disclosed those claim construction positions.

Exhibit 5 attached hereto is an annotated copy of the Joint Claim Construction that highlights MI's new constructions for claim terms.  MI provided its claim construction analysis for those terms for the first time in its December 18, 2013 Opening Brief, to which Ulta is submitting its Answering Brief today.

---

[1]  Ulta has moved to exclude Mr. Wasilew's opinions regarding infringement, in part because of his failure to disclose a clear construction for each claim element (D.I. 133).

[2]  Through a meet and confer, the parties were able to agree on construction of two claim terms and narrow the disputed terms to 14 before the joint chart was filed (D.I. 129)

**III.    ARGUMENT**

    **A.    Applicable Legal Standards**

"If a party fails to provide information or identify a witness as required by [the rules of discovery], the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Because "'fidelity to the constraints of Scheduling Orders and deadlines is critical to the Court's management responsibilities,'" this Court has frequently stricken or excluded late produced material. *See, e.g., Praxair, Inc. v. ATMI, Inc.*, 231 F.R.D. 457, 463 (D. Del. 2005) (quoting *Finch v. Hercules, Inc.*, No. Civ. A 92-251 MMS, 1995 WL 785100 at *9 (D. Del. Dec. 22, 1995) (The "flouting of discovery deadlines causes substantial harm to the judicial system")); *Bridgestone Sports Co., Ltd. v. Acushnet Co.*, No. Civ. A. 05-132 JJF, 2007 WL 521894, at *4 (D. Del. Feb. 15, 2007) (holding that the exclusion of critical evidence should not normally occur "absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence").

The factors this Court examines to determine whether a failure to disclose information in discovery was harmless are: "(1) the importance of the information withheld; (2) the prejudice or surprise to the party against whom the evidence is offered; (3) the likelihood of disruption of the trial; (4) the possibility of curing the prejudice; (5) the explanation for the failure to disclose; and (6) the presence of bad faith or willfulness in not disclosing the evidence (the '*Pennypack* factors')." *Abbott Labs. v. Lupin Ltd.*, C.A. No. 09-152-LPS, 2011 WL 1897322, at *3 (D. Del. May 19, 2011) (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-905 (3d Cir. 1977)). Although this analysis is geared towards whether to allow undisclosed witnesses at trial, courts have recognized the applicability of the *Pennypack* factors more broadly to cover a Rule 37 exclusion analysis. *In re Paoli R.R. Yard PCB Litigation*, 35 F.3d 717, 791

(3d Cir. 1994). Moreover, "courts applying the *Pennypack* factors in the case of sophisticated, complex litigation involving the parties represented by competent counsel have been less indulgent in their application and more willing to exclude evidence without a strict showing that each of the *Pennypack* factors has been satisfied." *Bridgestone Sports Co.*, 2007 WL 521894, at *4.

### B. The Court Should Strike MI's New Claim Constructions

MI has given no explanation why it did not timely provide its claim construction positions. Rather than provide its claim construction positions prior to expert discovery, or even raise with Ulta that it was considering supplementing the constructions for five claim terms that it had timely provided, MI waited until Ulta had no opportunity for discovery relating to claim construction. Further, it waited until after Ulta's expert had provided his opinions (which included an analysis of claim construction), and after Ulta had deposed MI's expert. MI should not be allowed to change its position, after waiting until it was too late for Ulta to have any discovery of the new claim construction positions, or of MI's infringement contentions under the new constructions.

Moreover, neither side's expert considered MI's new constructions or had the ability to offer an opinion on infringement or invalidity under MI's new proposed constructions. Mr. Wasilew did not disclose any infringement opinion based on the new constructions. Having failed to provide any expert opinion based on the new constructions, MI's expert should not be permitted to offer any testimony on infringement based on those constructions at trial. Nor did Ulta's expert Dr. Shamos have an opportunity to comment on MI's new proposed constructions or offer opinions based on those constructions.

Each of the *Pennypack* factors supports striking MI's late claim constructions. Ulta was prejudiced by MI's late disclosure because it did not have any opportunity for fact or expert

4

discovery relating to MI's claim construction – a threshold issue to both noninfringement and invalidity. With MI's disclosure of new claim constructions on the eve of the filing deadline for the Joint Claim Construction Statement, the surprise and prejudice to Ulta cannot be disputed.

The third and fourth *Pennypack* factors also favor striking MI's late claim constructions. Had MI disclosed its claim constructions by the Scheduling Order deadline, Ulta would have had the opportunity for discovery to investigate the new constructions and any MI infringement contention based on them, and its expert would have been able to consider them in forming his opinions. But MI flouted the Scheduling Order, and Ulta was thus denied that opportunity. Ulta has no ability to cure the prejudice because expert discovery has been completed for two months, and summary judgment motions are due shortly.

With respect to the fifth *Pennypack* factor, MI has provided no explanation as to why it did not previously disclose its claim constructions. It simply failed to do so. Similarly, the sixth factor – bad faith or willfulness – favors Ulta as well. MI waited until it was too late to propose its entirely new claim constructions, after sitting back during expert discovery while claim construction was fully at issue. Either MI had no intention to pursue its new claim constructions, in which case it should not be allowed to change its mind now, or it deliberately withheld them from Ulta. Under either scenario, the facts favor striking them.

**IV.   CONCLUSION**

For the foregoing reasons, Ulta respectfully requests that the Court strike MI's late claim construction positions.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney*
Jack B. Blumenfeld (#1014)

5

                Julia Heaney (#3052)
                Paul Saindon (#5110)
                1201 North Market Street
                P.O. Box 1347
                Wilmington, DE  19899
                (302) 658-9200
                jblumenfeld@mnat.com
                jheaney@mnat.com
                psaindon@mnat.com
                 *Attorneys for Ulta Salon,*
                 *Cosmetics & Fragrance, Inc.*

January 21, 2014
7876467

## **RULE 7.1.1 CERTIFICATION**

I hereby certify that counsel for Defendant has raised the subject of the foregoing Motion with counsel for Plaintiff, and that the parties have not been able to reach agreement on the issues raised in the Motion.

Dated:  January 21, 2014                             */s/ Julia Heaney*
                                                                          Julia Heaney (#3052)

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2014, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on January 21, 2014, upon the following in the manner indicated:

| | |
|---|---|
| Steven J. Balick<br>Tiffany Geyer Lydon<br>Andrew C. Mayo<br>ASHBY & GEDDES<br>500 Delaware Avenue, 8th Floor<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Gregory P. Casimer<br>LATHROP & GAGE LLP<br>155 North Wacker Drive<br>Suite 3050<br>Chicago, IL  60606-1787<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| A. Justin Poplin<br>Hissan Anis<br>LATHROP & GAGE LLP<br>10851 Mastin Blvd., Suite 1000<br>Overland Park, KS  66210-1669<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Julia Heaney*
Julia Heaney (#3052)